IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC STRAUGHEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ERIC STRAUGHEN, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, ASSET ACCEPTANCE, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Lexington Park, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and a "person" as defined in Md. Code, Com. Law § 14-201 (d), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collector" within the meaning of Md. Code, Com. Law § 14-201(b), in that it held itself out to be a company collecting a consumer debt

6. On information and belief, Defendant is a corporation of the State of Maryland which is licensed to do business in Maryland and which has its principal place of business in Wilmington, Delaware.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about February 24, 2009, Plaintiff received a letter from Defendant in regard to the collection of an alleged debt. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 1.

8. On or about February 27, 2009, Plaintiff mailed a letter to Defendant requesting validation and verification of the alleged debt pursuant to 15 U.S.C. § 1692g. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 2.

9. Defendant did not respond to Plaintiff's letter, but instead, on or about September 1, 2009, sent another letter to Plaintiff in regard to the collection of the aforementioned alleged debt, demanding payment. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 3.

10. Furthermore, the aforementioned alleged debt which Defendant is attempting to collect from Plaintiff was already paid prior to Defendant's first contact with Plaintiff.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendant in writing within the applicable 30 day period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b); and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ERIC STRAUGHEN, respectfully prays for a judgment as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122
(888) 595-9111, ext. 712 (phone)
(866) 382-0092 (facsimile)
Mitch@LuxenburgLevin.com